IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-06-00416-CR

 

In re
Ivan C. Frazier

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 








          Ivan C. Frazier seeks a writ of
mandamus compelling the judge of the County Criminal Court No. 1 of Dallas County to rule on his habeas application or forward it to the Court of Criminal Appeals.[1]  However, Dallas County lies within the
geographic boundaries of the Fifth Court of Appeals District rather than the
Tenth Court of Appeals District.  See Tex.
Gov’t Code Ann. § 22.201(f), (k) (Vernon Supp. 2006).  This Court’s mandamus
jurisdiction only reaches judges within this Court’s geographic boundaries,
except where “necessary to enforce the jurisdiction of the court.”  Id. § 22.221(a), (b) (Vernon 2004); see In re Johnson, 135 S.W.3d 764, 764
(Tex. App.—Houston [1st Dist.] 2004, orig. proceeding) (per curiam).

          Respondent is not a judge within this
Court’s geographic boundaries.  The relief sought by Frazier is not “necessary to
enforce the jurisdiction” of this Court.  Accordingly, we dismiss the petition
for want of jurisdiction without prejudice.  See Johnson, 135 S.W.3d at
764.

PER CURIAM

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Petition dismissed

Opinion delivered and
filed January 17, 2007

Do not publish

[OT06]

 









[1]
          This Court affirmed Frazier’s Ellis County conviction for state-jail felony theft in an unpublished decision.  See
Frazier v. State, No. 10-99-00243-CR (Tex. App.—Waco Dec. 20, 2000, pet.
dism’d, untimely filed).  Frazier’s habeas application is an effort to have two
 Dallas County misdemeanor theft convictions which supported that conviction
declared void.